LOUIS RICHMAN and MEYER SAMUELS, Plaintiffs, *v.* CAMORSIL REALTY CORPORATION, Defendant.

Supreme Court, Bronx Special Term, April, 1923.

**Vendor and purchaser — encroachment of wall of building upon adjoining lot — when vendee may reject title and recover down payment.**

Where in a contract to convey, the fact that one of the walls of the property encroached upon the adjoining lot is not referred to, the vendees are not obligated to take title after their vendor had effectuated an agreement by which said wall became subject to party-wall rights.

The vendees were, therefore, justified in rejecting the title and in an action for specific performance were entitled to a judgment establishing their lien for the down payment and the expense of examining the title with interest, the alternative relief asked for by the complaint.

ACTION for specific performance of contract to sell land.

*Louis B. Boudin,* for plaintiff.

*Mork & McKiniry,* for defendant.

MARTIN, FRANCIS, J.   This is an action by the vendees under a contract for the purchase and sale of real estate for specific performance or, in the alternative, to establish a lien for the down-payment and the expense of examining title, with interest thereon. The northerly wall of the property encroaches on the adjoining lot, which is unimproved.   This encroachment is not referred to in the contract.   Defendant sought to cure it by entering into a party-wall agreement with the owner of the lot on which the wall encroaches, but plaintiffs rejected title.   Defendant contends that there is an easement in favor of the premises described in the contract for the wall to stand on the adjoining parcel to the north.   This is based upon the following facts:  On April 6, 1912, one Charles Graef, who then owned both parcels, entered into a contract for the sale of the premises with which we are concerned.   This contract was closed on May 9, 1912, by Graef conveying the premises described in the contract here to a predecessor in title of defendant, the erection of the wall referred to having been meanwhile commenced.   The building was not completed until October, 1912.   In my opinion plaintiffs were not obligated to take the property subject to the party-wall agreement.   The situation is not the same as it would be had there been a party wall, or a party-wall agreement of record, at the time of the making of the contract referred to in the complaint.   At that time the property was not affected by a party-wall agreement and the wall was not in any sense a party wall.   In my opinion plaintiffs were not obligated to take title after defendant had effectuated an agreement by which the wall became subject to party-wall rights. Plaintiffs are entitled to have the court assume that before they contracted to purchase they had decided that they wanted the property with the wall, as it then was, an independent wall. Assuming, furthermore, that defendant is strictly correct in its contention that Graef retained part of his land subject to an easement, as referred to above, nevertheless the conclusion that there is an easement depends upon matters which do not appear in the record title and also upon a state of facts as well as an interpretation of the law, about which there may be some question.   To hold

with defendant on this point would be to hold that plaintiffs should have accepted title, facing a probability of having to defend it on uncertain grounds, both as to the facts and the law. It is my view that plaintiffs were justified in rejecting title and that there should be judgment establishing plaintiffs' lien for the down-payment as well as for the amount paid the title company for the examination of the title.

Judgment accordingly.